**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ROQUE ARELLANO and ) | |
| MARIANNE SOLORIO, ) | |
|     Plaintiffs, ) | |
| ) | |
|     v. ) | CAUSE NO. 2:18-CV-342-JVB-JEM |
| ) | |
| TUBE FABRICATION & COLOR, LLC, ) | |
| and T AND B TUBE COMPANY, INC., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Stay Fed.R.Civ.P 26(f) Discovery Plan Setting and for Leave to Issue Jurisdictional Discovery to Address Defendant, Tube Fabrication & Color, LLC's, Pending 12(b)(2) Motion to Dismiss [DE 21], filed December 7, 2018. Defendant Tube Fabrication & Color, LLC, filed a response on January 11, 2019, and on January 28, 2019, Plaintiffs filed a reply.

On September 13, 2018, Plaintiffs filed a Complaint, bringing claims against Defendants arising out of an injury allegedly suffered by Plaintiff Roque Arellano when pipes loaded by Defendant T and B Tube Company were unloaded by Defendant Tube Fabrication & Color, LLC, and fell on him. On December 3, 2018, Defendant Tube Fabrication filed a motion to dismiss for lack of jurisdiction. On December 4, 2018, District Court Judge Joseph Van Bokkelen ordered Plaintiffs to amend their jurisdictional statement to identify each of the LLC's members and their citizenship. On December 7, 2018, Plaintiffs filed a document in response to the requirement, as well as the instant Motion. On December 17, 2018, the Court held a hearing and ordered that general discovery is stayed until the issue of jurisdiction is resolved, and set a briefing schedule for the instant Motion.

Plaintiffs move for leave to take limited jurisdictional discovery from Defendants to inform

their response to the pending motion to dismiss. Defendant Tube Fabrication & Color, LLC, argues that discovery is not needed and that even if Plaintiffs uncovered exactly the facts they are seeking through discovery, it would not support their jurisdictional argument.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). To that end, "[i]t is well established that a federal district court has the power to require a defendant to respond to discovery requests relevant to his or her motion to dismiss for lack of jurisdiction." *Andersen v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998) (quoting *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 311 (S.D. Ind.1997)). However, that discovery is not automatic: "[a]t a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). "'Generally, courts grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue.' But plaintiff may not rely on "bare," "attenuated," or "unsupported assertions" of jurisdiction to justify discovery." *Zurich Am. Ins. Co. v. Tangiers Int'l LLC*, No. 18 C 2115, 2018 WL 3770085, at *2 (N.D. Ill. Aug. 9, 2018) (quoting *Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 782 (N.D. Ill. 2009); *Mart v. Berkshire Hathaway Inc.*, No. 3:10-CV-118 JTM, 2010 WL 11575057, at *2 (N.D. Ind. Aug. 2, 2010) (citing *Andersen*, 179 F.R.D. at 239); *Gilman Opco LLC v. Lanman Oil Co.*, No. 13-CV-7846, 2014 WL 1284499, at *7 (N.D. Ill. Mar. 28, 2014)).

Plaintiffs are seeking information about the business done in Indiana by Tube Fabrication to determine whether its operation in the state meets the requirements for establishing jurisdiction. Tube Fabrication argues that Plaintiffs cannot establish facts that meet the criteria for showing that

it had continuous and systematic contacts with the state of Indiana sufficient to meet the requirements of general jurisdiction. It lays out the requirements of general and specific jurisdiction and argues that since general jurisdiction is so rarely found to exist, it is unlikely that Plaintiffs will be able to uncover information in discovery that demonstrates it in this case. Plaintiffs argue that their request is not wholly unsupported. They point to an affidavit presented by Defendants describing some business conducted by Tube Fabrication in Indiana, and argue that they should be permitted to do discovery regarding the extent of that business to determine whether it meets the requirements for establishing jurisdiction, rather than merely taking Tube Fabrication's word that it does not. In addition, the Court notes that there may still be some confusion regarding Tube Fabrication's citizenship. The affidavit attached to Plaintiffs' supplemental jurisdictional statement refers to the "owner" of Tube Fabrication, and  the motion to dismiss refers to Tube Fabrication as a "corporation" rather than an LLC and applies the citizenship tests that apply to corporations. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."); *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003) ("A limited liability company is analogous to a partnership and takes the citizenship of its members."). Accordingly, the Court finds that it is appropriate to allow Plaintiffs limited discovery into the question of jurisdiction, including the business activities conducted by Tube Fabrication in Indiana as well as the members of the LLC and their citizenship.

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion to Stay Fed.R.Civ.P 26(f) Discovery Plan Setting and for Leave to Issue Jurisdictional Discovery to Address Defendant, Tube Fabrication & Color, LLC's, Pending 12(b)(2) Motion to Dismiss [DE 21] and **ORDERS** Defendant Tube Fabrication & Color, LLC to cooperate with limited discovery requests

from Plaintiffs addressing jurisdiction.

SO ORDERED this 22nd day of March, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record